COPY

Roger J. Buffington (State Bar No. 191960)
Kaden J. Kennedy (State Bar No. 238699)
**Buffington Law Firm, PC**
8840 Warner Ave., Suite 300
Fountain Valley, CA 92708
Ph: (714) 842-6124
Fax: (714) 842-6134
rogerjb@buffingtonlawfirm.com

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 20 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

Attorneys for: Plaintiff Garth D. Ryan

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Garth D. Ryan, an individual<br><br><br>Plaintiff,<br><br>v.<br><br><br>GJB Enterprises, Inc.; Gerald Berke, an individual; DOES 1-10 inclusive,<br><br><br>Defendants. | Case No.<br>**SACV 09-355 JVS (MLGx)**<br><br>COMPLAINT FOR VIOLATIONS OF FEDERAL AND CALIFORNIA SECURITIES LAWS, COMMON COUNT, RESCISSION OF VOID CONTRACT, FRAUD, BREACH OF FIDUCIARY DUTY<br><br>TRIAL BY JURY DEMANDED<br><br>DATE:<br>TIME:<br>COURTROOM: |

Plaintiff Garth D. Ryan alleges as follows:

//

---

COMPLAINT FOR DAMAGES AND RESCISSION

1

## Jurisdiction

### Subject Matter Jurisdiction.

1.   This Court has subject matter jurisdiction over this action pursuant to Section 5 of the Securities Act of 1933, 15 U.S.C. §77e and Rule 10b-5 deriving from 15 U.S.C. §78J (Exchange Act of 1934) which violations as herein allege constitute the nexus of this Complaint. As herein alleged, defendants and all of them in the commission of the wrongful acts herein alleged made use of the means and instrumentalities of interstate commerce including the mails and wires.  All other causes of action derive from such acts and the Court maintains pendant jurisdiction thereover.

### Personal Jurisdiction.

2.   This Court has personal jurisdiction because Defendants have purposefully availed themselves of the privilege of conducting business activities in California by entering into the subject investment contracts and conducting business within the State of California.

## Venue.

3.   Venue is proper in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. §77v(a) because certain of the transactions, acts, practices, and courses of conduct constituting violations of the federal securities laws occurred within this district and the principal defendants, GJB Enterprises, Inc., and Gerald Berke, an individual ("Berke") each is primarily domiciled in Los Angeles County, California.

## Parties.

4.   Plaintiff Garth D. Ryan, an individual, ("Ryan" or "Plaintiff") resides in the County of Orange, California.

5.   Defendant Gerald Burke, an individual ("Berke") is believed to be a resident of Los Angeles County, California.  Berke is the Chief Executive Officer of defendant GJB Enterprises Inc. and Plaintiff believes that he is the sole stockholder thereof.

6.   Defendant GJB Enterprises, Inc. "GJB" is a corporation the principal place of business of which is located in Los Angeles, California

7.   At all times herein mentioned defendants GJB and Berke was each acting as an agent of the other and DOES 1-10 and vice-versa within the scope of such agency. Plaintiff further alleges on information and belief that defendant Berke is the chief executive of GJB and that all actions herein alleged taken by GJB thereby were taken with the express direction or action of Berke, and that all omissions herein alleged were made personally by Berke or by persons that Berke had a duty to supervise and/or persons who were acting as agents of Berke. Plaintiff further alleges that defendant Berke is the sole owner of GJB, and that GJB exists solely as an artifice to induce the general public to do business with Berke.  Accordingly, Berke and GJB are alter egos, and the interests of justice should preclude the use of the corporate shield preventing liability from attaching to Berke as regards actions by GJB and vice-

versa.   Plaintiff further alleges that all of the

wrongful acts herein alleged were either directed by

Berke, or that he authorized that these be done.

8.   Plaintiff is ignorant of the true names and

capacities of defendants sued herein as DOES 1-10

inclusive, and therefore sues these defendants by such

fictitious names.   Plaintiff is informed and believes,

and thereon alleges that each of the defendants

designated herein as a fictitiously named defendant is,

in some way, manner or form, and to some extent

responsible for the acts, events, and happenings herein

alleged and referred to, and that each of these

defendants in some way, manner or form, and to some

extent, caused detriment, damage, and injury to

Plaintiff as hereinafter alleged.   Plaintiff will seek

leave to amend this complaint to allege their true

names and capacities when ascertained.

SUMMARY OF FACTS

9.   This case involves an ongoing fraudulent and

unregistered offering of unregistered securities

pursuant to a fraudulent investment scheme operated by the defendants Berke, GJB, and DOES 1-10.  Since May, 2005 defendants and each of them solicited and obtained $150,000 from Plaintiff Ryan as well as from other members of the general public.

10.    The defendants offered and sold investment contracts whereby defendants promised to invest Plaintiff's money in an investment scheme that supposedly involved the loaning of money by GJB to third parties, which loans were supposedly secured by such third parties' accounts receivable (i.e. factoring), utilizing the defendants' purported investment and financial expertise.  Alternatively, Defendants represented in writing to Plaintiff in an information brochure that they sometimes lent money at high interest to Real Estate Investment Trusts that needed short-term cash.  Defendants claimed to be bona fide professional financial experts who, when entrusted with Plaintiff's moneys, would invest and safeguard such moneys prudently, skillfully, and in accordance

with law.  Defendants promised to return to Plaintiff a risk free 18% Annual Percentage Rate return on Plaintiff's invested funds.  Defendants claimed that such investment was risk free to the Plaintiff because such investments were secured by the aforementioned accounts receivables, and later Defendants purported to secure Plaintiff's investments by means of a bogus "Security Agreement" whereby Plaintiff's investment was secured by the assets of GJB.  Plaintiff believes, and thereon alleges, that such assets are virtually nonexistent having been plundered by Berke and DOES 1-10. Defendant Berke made these representations (which were false) directly to Plaintiff Ryan at the headquarters of GJB on Olympic Boulevard, Los Angeles, California, in May 2005 as well as via telephone, and via the internet, a few days thereafter.  Further, GJB repeatedly ran newspaper advertisements in which it solicited funds from the general public in furtherance of the aforesaid fraudulent Ponzi scheme.

11. Contrary to defendants' misrepresentations alleged *supra*, defendants were operating a scheme of direct fraud and nothing more. Pursuant to such scheme, defendants intended to and did, obtain Plaintiff's money by the aforementioned misrepresentations, and diverted such moneys to defendants' own use.

12. Plaintiff believes, and thereon alleges, that in reality the fraudulent scheme operated by defendants, and each of them, constituted a fraudulent "Ponzi Scheme" in which: a) investor funds were never invested, or only haphazardly invested, in the manner promised; b) most of Plaintiff's funds were diverted to the use of defendants, and each of them, and c) funds from new investors were utilized to pay small returns on investment and/or returns of capital to earlier existing investors.

13. Plaintiff Ryan relied upon the representations of defendants, and each of them, to prudently invest his funds. Because Defendants were promising to utilize their financial and investment expertise to invest

Plaintiff's money in order to provide a return on such

investment, the aforementioned scheme and investment

contract constitutes a security as defined by the

Federal securities laws, as well as California law.

14. Until February 25, 2009 Plaintiff believed, and

Berke and Does 1-10 repeatedly represented to Plaintiff

via telephone  that the funds invested by Plaintiff

were under the control of Berke and GJB, and that GJB

would remit such funds, plus interest, upon demand with

certain notice as provided in the written investment

contract executed by GJB and Plaintiff.  Berke then

represented to Plaintiff on or about February 25, 2009

that Berke was ill with lung cancer, and that GJB was

accordingly unable to carry out its duties under the

investment contract agreement that Berke had caused GJB

to enter into with Plaintiff.  Subsequently, one or

more representatives of Berke and GJB have stated to

Plaintiff that they need to "look into the paperwork"

in order to determine if Defendants will return

Plaintiff's invested funds.

15.  Since February 2009 Plaintiff has repeatedly demanded of GJB and Berke by telephone, letter, and over the internet that defendants remit the Plaintiff's funds from the aforementioned investment contract. Prior to such time, Defendant GJB unilaterally discontinued its remittance of interest payments to Plaintiff in December 2008.  No remittance has occurred since that time, and defendants, and each of them, have refused to communicate meaningfully, or at all, with Plaintiff.

**FIRST CLAIM FOR RELIEF**
**Unregistered Offer and Sale of Securities**
**Violations of Section 5 of the**
**Securities Act of 1933 (15 U.S.C.77e).**
**[Against All Defendants]**

16.  Plaintiff realleges and incorporates by reference paragraphs 1 though 15 above.

17.  The defendants, and each of them, by engaging in the conduct described above, made use of the means and instruments of communication in interstate commerce including the mails and wires, to offer to sell securities and to cause such securities to be carried

through the mails in interstate commerce for the purpose of sale and delivery after sale.

18. No registration statement has been filed with respect to the securities, to wit, the investment contract, alleged herein.

19. By engaging in the conduct described above, defendants have violated and unless restrained and enjoined will continue to violate, Sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. §§77e(a) and 77e(c).

20. This claim falls within the Statute of Limitations because the last sales related activity did not fail to occur until less than one year ago, to wit: with respect to the Plaintiff's investment of $150,000 defendants did not fail to remit the funds as demanded until February 2009.

//

//

//

//

SECOND CLAIM FOR RELIEF
Fraud in Connection With the Purchase or Sale of
Securities.
Violations of Section 10(b) of the Exchange Act
and Rule 10b-5 thereunder
[Against All Defendants]

21. Paragraphs 1-20 are realleged and incorporated by reference.

22. The defendants, and each of them, by engaging in the conduct described above, made use of the means and instruments of communication in interstate commerce including the mails and wires, such that defendants: (a) with scienter, employed devices, schemes, or artifices to defraud; (b) obtained money from Plaintiff by means of false statements of material fact and by omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which there were made not misleading; and (c) engaged in transactions, practices, and courses of business which operated or would operate as a fraud and deceit upon the Plaintiff.

23. By engaging in the conduct described herein, each of the defendants violated, and unless restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §240.10b-5.

24. This claim falls within the Statute of Limitations because the last sales related activity did not fail to occur until less than one year ago, to wit: February 2009.

### THIRD CLAIM FOR RELIEF
Claim for Rescission (Cal. Corp. Code § 25501) of Securities Transaction Made Through Material Misrepresentation Per California Corporations Code § 25401
[Against All Defendants]

25. Paragraphs 1-24 are incorporated by reference herein.

26. The communications by defendants to Plaintiff in connection with the investment contracts, as herein alleged, were deliberate, misleading and untrue.  In fact, defendants never invested the Plaintiff's moneys as agreed, and in fact intended from the onset to

---

simply misappropriate Plaintiff's moneys to their own use.

27. As herein alleged, all actions made herein were made personally by defendant Berke, acting at all times as chief executive officer of GJB, or were authorized by Berke to be done.

28. Plaintiff demands rescission of all funds placed with Defendants, together with interest at the legal rate, or damages as the Court may determine.

FOURTH CLAIM FOR RELIEF
Violations of Section 25110 of the California
Corporations Code
[Against All Defendants]

29. Paragraphs 1-28 are herein incorporated and realleged.

30. Defendants violated Section 25110 of the Code by selling securities to Plaintiff in California and such securities not being qualified in California and for which no exemption from qualification existed under the Code.

31. Section 25503 of the Code permits Plaintiff to bring this cause of action to sue to recover the consideration Plaintiff paid for such security, to wit: at least $150,000 with interest thereon at the legal rate.

**FIFTH CLAIM FOR RELIEF**
Common Count-Money Had and Received
[Against All Defendants]

32. Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 31, above.

33. Defendants are indebted to Plaintiff in the amount of at least $150,000 as herein alleged, which amount represents monies given to Defendants by Plaintiff. These transactions were void for illegality thereby giving rise to a common count action for money had and received.  [Smith v. Randall (1942) 51 Cal. App. 2d 195, 197].  The interests of justice require that defendants return Plaintiff's moneys in connection with the transactions herein alleged.

34. Plaintiff is entitled to restitution against defendants Berke, GJB and DOES 1-10 of the amount of $150,000 or such amount as shall be subject to proof, plus interest at the legal rate, which is wrongfully and unjustly held by Defendants.

35. This is an action on a book account as defined in Section 337(a) of the California Code of Civil Procedure.  Cal. Civ. Code §1717.5 provides that in the event legal action is taken to enforce collection, the prevailing party on the contract may recover reasonable attorney's fees in an amount according to proof at trial.  Further, the written contract between defendant GJB and Plaintiff provides for an award of attorney's fees to the prevailing party.

### SIXTH CLAIM FOR RELIEF
Relief Based on Recission of Contract (Civil Code
Sections 1689(b)(4)-(6), 1692) Contract Unlawful or
Prejudicial to Public Policy
[Against All Defendants]

36. Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 35, above.

37.   The transactions herein alleged purportedly represented both oral and written agreements between Plaintiff and defendants.

38.  The agreements between the parties are wrongful because such transactions were violative of Federal and State securities laws as herein alleged, were induced by fraudulent misrepresentation by defendants, and are accordingly void as violative of public policy.

39.  Defendants have performed no rightful act in furtherance of the aforementioned contracts concerning the Plaintiff's investments and in fact the agreements consist of a promise by defendants to perform legally improper, ineffective, and void acts, to wit: to issue unregistered securities.  Accordingly, pursuant to Civil Code §§1692, 1689(b)(4-6) Plaintiff is entitled to recission of the agreements and the return of at least $150,000 or such greater amount as the court may deem to be in the interests of justice.

//

//

## SEVENTH CLAIM FOR RELIEF
### Civil Fraud and Deceit (Cal. Civil Code §1709, 1710)
### [Against All Defendants]

40. Paragraphs 1-39 are incorporated herein and realleged.

41. The defendants never intended to carry out the promises they made to the Plaintiff as set forth herein, to wit: to take Plaintiff's moneys and invest same in the manner promised, and return same upon demand.  Instead, defendants intended from the onset to misappropriate and convert the Plaintiff's moneys to their own use, which they have, in fact, done.

42. All statements, written and oral, by defendants, and each of them, to the effect that they would and did hold Plaintiff's moneys for investment, were false, and were made to mislead the Plaintiff and to: a) induce Plaintiff to invest with defendants; b) mislead the Plaintiff into believing that the Plaintiff's funds were being legally, properly, and safely held in a fashion that would return the returns to the Plaintiff as promised by Defendants.

43.  Further, there was an implied promise that the transactions herein alleged were rightful and in compliance with all Federal and State securities laws. By violating such laws and concealing such fact from Plaintiff, defendants concealed a material fact, constituting a deceit.

44.  As a direct and proximate consequence of the wrongful actions herein alleged, Plaintiff has suffered actual damages in an amount of at least $150,000 or such greater amount as shall be subject to proof.

45.  Defendants' actions were oppressive, malicious, and fraudulent, thereby constituting despicable acts. Plaintiff is therefore entitled to punitive damages in an amount sufficient to punish defendants and deter similar wrongful conduct.

EIGHTH CLAIM FOR RELIEF
Breach of Fiduciary Duty Constituting Constructive
Fraud
[Against All Defendants]

46.  Paragraphs 1-45 are herein incorporated and realleged.

47. By agreeing to invest Plaintiff's moneys, defendants and each of them assumed the roles of fiduciaries to Plaintiff.

48. By taking the acts herein alleged, defendants breached their fiduciary duties to the Plaintiff. Since such actions were deliberate and fraudulent, such actions constituted constructive fraud.

49. By breaching their fiduciary duties, defendants inflicted actual damages upon the Plaintiff in an amount of at least $150,000 or such greater amount as shall be subject to proof at trial.

50. Defendants' actions were oppressive, malicious, and fraudulent, thereby constituting despicable acts. Plaintiff is therefore entitled to punitive damages in an amount sufficient to punish defendants and deter similar wrongful conduct.

WHEREFORE, THIS PLAINTIFF RESPECTFULLY PRAYS TO THIS COURT FOR THE FOLLOWING RELIEF:

1. For compensatory damages or rescission, as the Court may determine are in the interests of

justice, in the amount of at least $150,000 or such greater amount as shall be established according to proof at trial;

2. For punitive damages in an amount sufficient to punish these defendants and deter similar future wrongful conduct by defendants and others;

3. For attorneys fees;

4. For Costs of Suit;

5. For interest at the legal rate;

6. For such other relief as the Court may determine to be in the interests of justice.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully,

Buffington Law Firm, PC

Roger J. Buffington
Kaden J. Kennedy
Attorneys for Plaintiff Garth D.
Ryan, an individual

Dated:  March 20, 2009

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Garth D. Ryan, an individual

**DEFENDANTS**
GJB Enterprises, Inc.
Gerald Berke, an individual

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Buffington Law Firm, PC
8840 Warner Avenue, Suite 300, Fountain Valley, CA 92708
Phone: (714) 842-6124

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☑1 | Incorporated or Principal Place of Business in this State | ☐4 | ☑4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ 150,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 77e(a) - Violation of Federal Securities Act Section 5(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☑ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **SACV 09-355 JVS (MLGx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date March 20, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV09- 355 JVS (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Roger J. Buffington (SBN: 191960)
Kaden J. Kennedy (SBN: 238699)
Buffington Law Firm, PC
8840 Warner Avenue, Suite 300
Fountain Valley, CA 92708
Ph: (714) 842-6124

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Garth D. Ryan, an individual

PLAINTIFF(S)

v.

GJB Enterprises, Inc.; Gerald Berke, an individual;
DOES 1-10 inclusive

DEFENDANT(S).

CASE NUMBER

**SACV 09-355 JVS (MLGx)**

**SUMMONS**

TO:    DEFENDANT(S):  GJB Enterprises, Inc. and Gerald Berke

   A lawsuit has been filed against you.

   Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Buffington Law Firm, PC , whose address is  8840 Warner Avenue, Suite 300, Fountain Valley, CA 92708 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  MAR 20 2009

By: _____
    STEPHANIE MAKHAIL
    Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS